IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CORINNA DUNLAP,

   Plaintiff,        No. CIV S-09-3446 EFB

 vs.

MICHAEL J. ASTRUE,     ORDER AND
Commissioner of Social Security,  FINDINGS AND RECOMMENDATIONS

   Defendant.
_____/

   On December 14, 2009, plaintiff filed a social security complaint and an application to proceed in this action *in forma pauperis* pursuant to 28 U.S.C. § 1915, stating that she is unable to pay the costs of these proceedings. Dckt. Nos. 1, 2.

   Pursuant to federal statute, a filing fee of $350.00 is required to commence a civil action in federal district court. 28 U.S.C. § 1914(a). The court may nonetheless authorize commencement of an action "without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor." 28 U.S.C. § 1915(a)(1). An *in forma pauperis* applicant need not be absolutely destitute to qualify for the waiver, but must demonstrate that because of his poverty, he cannot meet court costs and still provide himself and his dependents with the necessities of life. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). The determination whether a plaintiff is indigent,

1

and thus unable to pay the filing fee, falls within the district court's reasonable discretion. *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990). "[P]ermission to proceed in forma pauperis is itself a matter of privilege and not right; denial of in forma pauperis status does not violate the applicant's right to due process." *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) (citation omitted). "[T]he same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984) (citation omitted).

Plaintiff's application for *in forma pauperis* status states that her husband "brings home about $2,000 per month" and that she receives "State disability and Workers comp for a total of $2,000 per month." Dckt. No. 2 at 2. She states that she has some "cash or checking or savings accounts," but "[b]y the end of the month the account is zeroed out." *Id.* She estimates her expenses as follows:

    $450 Rent (live on husband's parent's property) – haven't been
        able to pay for two months.
    $750 and $585 Truck and car payment
    $300 per month on auto insurance
    $104 per month on renter's insurance
    $1000 per month in credit card bills
    $500 per month for utilities
    $72 to AC processing
    $32 per month on computer
    $260 per month for phone, internet, and cell phones
    $120 per month on dish
    $200 per month on boat payment
    $400 per month for food
    $227 per month on medical/dental bills

*Id.* She states that she owns a "2004 Ford Truck and 2006 Dodge Charger" and does not list any persons who are dependent upon her for support. *Id.*

While plaintiff may be struggling to pay her rent and other bills, she has not demonstrated that because of her poverty, she cannot meet court costs and still provide herself with the *necessities of life*. Among plaintiff's "expenses" are several items which extend well

2

1  beyond necessities, including satellite television, internet, cell phones, and a boat.  Accordingly,
2  the court will recommend denial of plaintiff's application to proceed *in forma pauperis*.  The
3  court notes, however, that this recommendation is limited to payment of the filing fee and the
4  initial service costs.  Since the benefits accorded to a plaintiff who has been granted *in forma*
5  *pauperis* status may extend beyond payment of the filing fee (e.g., such benefits may include the
6  costs of preparing a transcript and printing the record on appeal, *see* 28 U.S.C. § 1915(c)), if
7  these findings and recommendations are adopted and if plaintiff's circumstances change,
8  plaintiff may pursue such benefits in a subsequent application.  "If a pay-as-you-go plaintiff is,
9  down the road, confronted with necessary expenses of litigation which overshoot his
10 then-available means, he can at that time, by proper petition, seek refuge under § 1915."
11 *Temple*, 586 F. Supp. at 852, n. 7 (citation omitted); *but cf.*, *Wiideman v. Harper*, 754 F. Supp.
12 808, 809 (D. Nev. 1990) (conversely, a court does not remain bound to by its initial grant of *in*
13 *forma pauperis* status if the plaintiff's financial situation improves).

14      Accordingly, the Clerk is directed to randomly assign a United States District Judge to
15 this case.  Further, IT IS HEREBY RECOMMENDED that plaintiff's application to proceed *in*
16 *forma pauperis* be DENIED, and plaintiff be given thirty days within which to pay the filing fee
17 of $350.00.

18      These findings and recommendations are submitted to the United States District Judge
19 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
20 after being served with these findings and recommendations, any party may file written
21 objections with the court and serve a copy on all parties.  Such a document should be captioned
22 "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
23 within the specified time may waive the right to appeal the District Court's order.  *Turner v.*
24 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

25 DATED: December 30, 2009.

26                                 EDMUND F. BRENNAN
                                   UNITED STATES MAGISTRATE JUDGE